The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has shown good ground to reconsider the evidence, and amend the Opinion and Award with regard to the expert witness fee awarded Dr. Pottle which is clear error. However, the decision regarding the amount Dr. Pottle is to receive for medical services rendered is not altered.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. ITT Hartford was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff sustained an admittedly compensable injury on May 7, 1996 in which he sustained a cut on the left wrist.
5. The issue for determination is whether Dr. Thomas Pottle is entitled to an additional reimbursement for medical treatment provided to the plaintiff following the admittedly compensable injury.
 **********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Following the admittedly compensable injury on May 7, 1996, the plaintiff was seen by Dr. Winneberger at New Hanover Regional Medical Center's Emergency Department. An examination revealed a 6 centimeter laceration across the flexor crease of plaintiff's left wrist. Dr. Winneberger diagnosed the plaintiff with a left wrist laceration with probable median and possible ulnar nerve involvement, for which he was referred to Dr. Thomas Pottle.
2. Dr. Thomas G. Pottle, who is Board certified in plastic and reconstructive surgery, performed an exploratory surgery of the left volar wrist with micro repair of the complete median nerve transection and repair of partial flexor digitorum sublimis tendon transection ring. A carpal tunnel release was also done at that time. During the procedure, Dr. Pottle utilized an operating microscope for the median nerve surgery.
3. On August 19, 1996, the defendant-carrier reviewed Dr. Pottle's invoice for treatment, with the following items at issue:
 a. Procedure Code 64856, Suture repair(micro) median nerve at wrist, Usual Charge $1,800, Carrier paid $1,665.04;
 b. Procedure Code 25620, Repair FDS ring tendon; Usual Charge $1,000, Carrier paid $472.12;
 c. Procedure Code 64721, Decompression and Exposure median nerve in carpal tunnel left, Usual Charge $1,000, Carrier paid $352.27;
 d. Procedure Code 64830, Micro-dissection/repair left median nerve, Usual Charge $900, Carrier paid $333.01.
4. The carrier calculated the amount of reimbursement based upon its interpretation of the Commission's Medical Fee Schedule as follows:
Procedure Code Schedule Fee Multiple Surgery Rule
64856 $ 1,665.04 100%, $1,665.04
25260 $ 944.24 50%, $ 472.12
64721 $ 704.54 50%, $ 352.27
64830 $ 333.01 20%, for microscope
5. On September 24, 1996, Dr. Pottle corresponded with Roy Bailey of the Industrial Commission's Medical Review Section, regarding a discrepancy between the bill submitted to the defendant-carrier and the amount of reimbursement allowed, requesting that the Commission review the reimbursement.
6. On October 23, 1996, Nick Davis, the Chief Medical Fee Examiner with the Commission, advised Dr. Pottle that the analysis by the carrier was correct, based upon surgery being performed through the same incision.
7. On November 7, 1996, Dr. Pottle corresponded with Mr. Davis to clarify that a separate carpal tunnel incision had been performed, and he requested that the claim for reimbursement be reviewed.
8. The matter was referred to the Medical Liaison Committee for review at its meeting on March 13, 1997, at which time the Committee decided to allow 100% of Code 64856 (or $1,665.04), 50% of the Code 25260 (or $472.12), zero for Code 647521-51 and 64830-51, and 100% for Code 99284.
Although Dr. Pottle was later advised of this meeting, he did not attend.
9. Effective March 1, 1996, the Commission implemented the 1996 Medical Fee Schedule. Corrections to the Multiple Surgical Procedures Section, paragraph 3 on page 2 were issued as follows: "Multiple surgical procedure performed through the same incision will have the unit value of the major procedure. The secondary or lesser procedure(s) or service(s) may be identified by adding modifier -51 to the secondary procedure. You will be allowed 50% for the additional procedures based on the Medical Fee Schedule allowance."
Paragraph 4 on page 2 was corrected to read: "Multiple operative procedures performed at the same session in separate operative fields and through separate incisions are allowed total Medical Fee Schedule Value for each procedure. The second procedure is identified by a modifier -50."
At page 4, Item #4, Microsurgery, the Fee Schedule provides, "The Commission does not allow for the use of a microscope for surgery unless it is a surgery on nerves or blood vessels. A special report may be appropriate to document the necessity of the microsurgical approach (CPT Codes 64727, 61712, and 64830)."
10. In repairing the plaintiff's median nerve, Dr. Pottle performed surgery partially through the inverted C-shaped laceration which the plaintiff had sustained at his wrist. However, to complete the repairs, Dr. Pottle made a second incision into the palm of plaintiff's left hand to release the carpal tunnel. While these two surgeries were both on the upper left extremity, one was through an incision at the wrist and the second was through a new incision in the palm. Therefore, paragraph 4 of the surgery section should have been applied. In addition, Dr. Pottle presented competent evidence from a learned treatise accepted in the profession to support use of the microscope for the surgery. Therefore, reimbursement for use of a microscope shall also be allowed.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Based upon a review of the Fee Schedule provisions, Dr. Thomas Pottle is entitled to reimbursement as follows:
Procedure Code Fee Schedule Rate
64856 $1,665.04
25620 472.12 (944.24 x 50%)
64721 704.54
64830 405.49
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission and enters the following:
 AWARD
The defendants shall pay to Dr. Thomas Pottle the amount of $3,247.19 for medical services rendered.
This the ___ day of August 1998.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER